SEDGWICK, DETERT, MORAN & ARNOLD LLP
REBECCA A. HULL (SBN 99802)
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635
rebecca.hull@sdma.com

Attorneys for Defendants
METROPOLITAN LIFE INSURANCE COMPANY
and CITIGROUP LTD PLAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUANG P. ZHAO,<br><br>    Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY AND CITIGROUP LTD PLAN,<br><br>    Defendants. | CASE NO. C-07-2867 MEJ<br><br>**DEFENDANTS' ANSWER TO COMPLAINT** |

COME NOW defendants Metropolitan Life Insurance Company ("MetLife") and Citigroup LTD Plan ("Plan"), and respond to the Complaint of plaintiff Guang P. Zhao, as follows:

1. Paragraph 1 of the complaint consists of legal conclusions to which defendants are not required to respond. To the extent that paragraph 1 is deemed factual in nature, defendants admit that the Plan is subject to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, but deny that plaintiff is or was disabled at any relevant time.

2. Paragraph 2 of the complaint consists of legal conclusions to which defendants are not required to respond. To the extent that paragraph 2 is deemed factual in nature, the

allegations thereof are denied.

3. The allegations of paragraph 3 are admitted.

4. Responding to paragraph 4 of the Complaint, defendants admit that the Plan is an employee welfare benefit plan within the meaning of ERISA, that the Plan provides benefits to eligible participants in the event of total disability subject to all terms and conditions of the Plan, and that Citigroup is the Plan Administrator of the Plan. Except as expressly stated herein, the allegations of paragraph 4 are denied.

5. The allegations of paragraph 5 are admitted.

6. Defendants lack information sufficient to form a belief as to the allegations of paragraph 6 and on that basis deny them, except that defendants are informed and believe and thereon admit that at certain relevant times plaintiff was a participant in the Plan, that plaintiff previously was employed by an affiliate of Citigroup, and that at the time of plaintiff's claim for benefits, she provided documentation indicating that she was a resident of California.

7. Responding to paragraph 7, defendants admit that MetLife issued a group policy of long term disability insurance to fund benefits offered by the Plan. Except as expressly stated, the allegations of paragraph 7 are denied.

8. Responding to paragraph 8, on information and belief defendants admit that immediately prior to ceasing work, plaintiff's reported job position was as a Financial Associate 10, that she reportedly became disabled in December 2003, and that she qualified for and received salary continuation benefits through March 25, 2004. Defendants admit that plaintiff's claim for long term disability ("LTD") benefits from the Plan was denied. Except as expressly stated herein, the allegations of paragraph 8 are denied.

9. Responding to paragraph 9, defendants state that plaintiff has obtained and submitted medical diagnoses and opinions from time to time in support of her claim that she is disabled within the meaning of the applicable terms and conditions of the Plan documents, but defendants lack information sufficient to form a belief as to whether the words appearing in paragraph 9 are derived from plaintiff's medical records and/or whether the apparently excerpted language fully and fairly reflects the gist of the document(s) from which such verbiage was

excerpted; on that basis, defendants deny the allegations of paragraph 9 and further deny that such verbiage, if it appears in plaintiff's medical records, is dispositive of the issue of whether plaintiff is or was disabled under the Plan. Except as stated herein, the allegations of paragraph 9 are denied.

10. Responding to paragraph 10, defendants state that the administrative record regarding plaintiff's claim shows that plaintiff called MetLife on May 24, 2004, and admit that the quoted verbiage appears in the administrative record. Except as stated, the allegations of paragraph 10 are denied.

11. Responding to paragraph 11, defendants admit that the quoted verbiage appears to have been excerpted from certain correspondence from MetLife to plaintiff. Except as stated herein, the allegations of paragraph 11 are denied.

12. Responding to paragraph 12, defendants state that plaintiff has obtained and submitted medical diagnoses and opinions from time to time in support of her claim that she is disabled within the meaning of the applicable terms and conditions of the Plan documents, but defendants deny that the quoted verbiage, if it appears in plaintiff's medical records, is dispositive of the issue of whether plaintiff is or was disabled under the Plan. Except as stated herein, the allegations of paragraph 12 are denied.

13. Responding to paragraph 13, defendants state that plaintiff has obtained and submitted medical diagnoses and opinions from time to time in support of her claim that she is disabled within the meaning of the applicable terms and conditions of the Plan documents, but defendants deny that the quoted verbiage, if it appears in plaintiff's medical records, is dispositive of the issue of whether plaintiff is or was disabled under the Plan. Except as stated herein, the allegations of paragraph 13 are denied.

14. Responding to paragraph 14, defendants state that plaintiff has obtained and submitted medical diagnoses and opinions from time to time in support of her claim that she is disabled within the meaning of the applicable terms and conditions of the Plan documents, but defendants deny that the quoted verbiage, if it appears in plaintiff's medical records, is dispositive of the issue of whether plaintiff is or was disabled under the Plan. Except as stated

herein, the allegations of paragraph 14 are denied.

15.  Responding to paragraph 15, defendants admit that the verbiage contained in quotation marks appears in a letter dated April 28, 2005, from plaintiff to MetLife. Defendants lack information sufficient to form a belief as to the allegation that surgery was performed, and on that basis deny such allegation. Except as expressly stated herein, all allegations of paragraph 15 are denied.

16.  Responding to paragraph 16, defendants admit that MetLife wrote to plaintiff on May 5, 2005, that such letter informed plaintiff that the determination of her claim had been upheld, and that the letter includes the words contained in quotation marks in paragraph 16. Except as stated, the allegations of paragraph 16 are denied.

17.  Responding to paragraph 17, defendants state that plaintiff has obtained and submitted medical diagnoses and opinions from time to time in support of her claim that she is disabled within the meaning of the applicable terms and conditions of the Plan documents, but defendants deny that the quoted verbiage, if it appears in plaintiff's medical records, is dispositive of the issue of whether plaintiff is or was disabled under the Plan. Except as stated herein, the allegations of paragraph 17 are denied.

18.  Responding to paragraph 18, defendants state that plaintiff sent a letter dated October 19, 2006, to MetLife, seeking certain documents as set forth therein, and that MetLife responded appropriately. Except as stated, the allegations of paragraph 18 are denied.

19.  The allegations of paragraph 19 are denied.

20.  The allegations of paragraph 20 are denied.

21.  Responding to paragraph 21, the allegations thereof are denied except that defendants admit that no Plan benefits were paid to plaintiff due to the fact that plaintiff was not disabled under the Plan.

22.  The allegations of paragraph 22 are denied.

23.  To the extent that paragraph 23 consists of legal conclusions, defendants are not required to respond. To the extent that paragraph 23 consists of factual allegations, defendants admit that plaintiff contends and seeks a determination that she was and is entitled to Plan and

that defendants dispute plaintiff's contention in that regard. Defendants deny that plaintiff is or was in fact disabled, and deny that plaintiff is or was in fact entitled to benefits from the Plan.

24. Responding to plaintiff's prayer for relief, defendants deny that plaintiff is or may be entitled to attorney fees, Plan benefits, or any other form of relief, or to any other remedy or relief of any type or kind, or in any amount or amounts, with regard to any matters set forth in the Complaint. Defendants further expressly deny that there is any factual or legal basis on which any dispute between plaintiff and defendants could or should be resolved in favor of plaintiff. Defendants additionally deny that 29 U.S.C. § 1132(c) [ERISA section 502(c)] has any potential application to MetLife or to any communications between plaintiff and MetLife.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims, and each of them, are barred by applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which attorney fees can be awarded.

### FOURTH AFFIRMATIVE DEFENSE

Each action of defendants and of the fiduciaries, delegates and agents of the Plan with respect to the matters alleged in the Complaint, if any such action was taken, was at all times done in good faith and for proper reasons, and were not arbitrary or capricious but were reasonable in light of the evidence submitted by plaintiff and the complete administrative record, and were reasonably based on the facts as determined and understood by them and on the terms of the Plan and applicable law.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent plaintiff may be found to be entitled to any Plan benefits, the possibility of

which defendants expressly deny, any such benefits would be limited by the terms the Plan. The Complaint seeks benefits pursuant to an employee welfare benefit plan governed by ERISA, which provides the exclusive remedies for an alleged improper denial of benefits, and plaintiff is limited to the rights and remedies afforded under ERISA. 29 U.S.C. §§ 502(a)(2)(B) and 514 [29 U.S.C. §§ 1132 (a)(1)(B), 1144]. All of plaintiff's claims are governed exclusively by ERISA, and all potential remedies, if any, are limited to those provided under ERISA. Under ERISA, plaintiff is not entitled to seek compensatory, punitive or other extra-contractual damages, and any state law claims or remedies that plaintiff may attempt to assert are preempted by ERISA.

### EIGHTH AFFIRMATIVE DEFENSE

All of the actions of defendants, and of persons and entities who acted on behalf of defendants with regard to matters alleged in the Complaint, if any, were permitted and/or were required by the applicable law and/or by the terms of the Plan.

### NINTH AFFIRMATIVE DEFENSE

All decisions made by defendants or by others on behalf of defendants with respect to plaintiff's claims were made in the interest of all of the participants and beneficiaries of the Plan as a whole, and in accordance with the terms and conditions of the Plan and the applicable law.

### TENTH AFFIRMATIVE DEFENSE

None of the claims being pursued in the Complaint is payable under the terms and conditions of the Plan.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to comply with all of terms and conditions of the Plan, and for that reason the claims attempted to be stated in the Complaint are not payable.

### TWELFTH AFFIRMATIVE DEFENSE

If plaintiff is entitled to any benefits, which defendants deny, such benefits must be reduced and offset by other income, benefits and/or set-offs as defined in the Plan, that are or may be payable to her.

### THIRTEENTH AFFIRMATIVE DEFENSE

Any recovery by plaintiff is barred in whole or in part due to her own delay or failure to

1  disclose or provide information pertaining to the allegations in her Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

To the extent that plaintiff may be found by the Court to be entitled to benefits at this time, the possibility of which defendants expressly deny, such immediate entitlement would not entitle plaintiff to unlimited future benefits given, *inter alia*, the possibility that she may recover in the future from any disabling conditions, the existence of which is denied, and given the effect of other Plan requirements, exclusions and/or limitations.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff had failed to set out her claims with sufficient particularity to permit defendants to raise all appropriate defenses, and defendants therefore reserve the right to add further defenses as the bases for plaintiff's purported claims become known, pursuant to the provisions of Rule 8 of the Federal Rules of Civil Procedure.

WHEREFORE, defendants pray for relief as follows:

1. That plaintiff take nothing by way of her Complaint;
2. That judgment be entered in favor of defendants and against plaintiff;
3. That defendants be awarded their attorneys' fees and costs of suit incurred in this action under 29 U.S.C. § 1132; and
4. For such other and further relief as the Court deems just and proper.

DATED: July 26, 2007      SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: /s/ Rebecca A. Hull
Rebecca A. Hull
Attorneys for Defendants
METROPOLITAN LIFE INSURANCE COMPANY and
CITIGROUP LTD PLAN