1  FRANK N. DARRAS #128904
   SHERNOFF BIDART & DARRAS, LLP
2  3257 East Guasti Road, Suite 300
3  Ontario, CA  91761
   Telephone:    (909) 390-3770
4  Facsimile:    (909) 974-2121
   Email: fdarras@sbd-law.com
5
6  Attorneys for Plaintiff, Guang Zhao

7  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   Rebecca A. Hull  (Bar No. 99802)
8  Michael N. Westheimer  (Bar No. 178938)
9  One Market Plaza
   Steuart Tower, 8th Floor
10 San Francisco, CA 94105
   Telephone:    (415) 781-7900
11 Facsimile:    (415) 781-2635
12 Email: rebecca.hull@sdma.com
          michael.westheimer@sdma.com
13 Attorneys for Defendants, Metropolitan Life Insurance
   Company and CitiGroup LTD Plan
14

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| GUANG P. ZHAO,                                         | Case No.: C072867 MEJ                                  |
|--------------------------------------------------------|--------------------------------------------------------|
| Plaintiff,                                             | JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER     |
| vs.                                                    |                                                        |
| METROPOLITAN LIFE INSURANCE COMPANY; and, CITIGROUP LTD PLAN, |                                                 |
| Defendants.                                            |                                                        |

TO THE COURT AND TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

Pursuant to Federal Rule of Civil Procedure 26(f), the following is a report

regarding the Conference of the Parties held on August 15, 2007 between Frank N. Darras of Shernoff Bidart & Darras, LLP, on behalf of Plaintiff Guang Zhao ("Plaintiff") and Rebecca A. Hull of Sedgwick, Detert, Moran & Arnold LLP, on behalf of defendants Metropolitan Life Insurance Company ("MetLife") and CitiGroup Long Term Disability Benefits Plan (the "Plan") (collectively, "Defendants").

The parties met and conferred to consider the nature and basis of their claims and defenses in this action, which arises under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq., the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1), and to discuss a proposed discovery plan. This report indicates the parties' views and proposals concerning the following:

## DESCRIPTION OF THE CASE

<u>A brief description of the events underlying the action:</u>

<u>Plaintiff alleges</u>: At the time of her disability, Plaintiff had been a Financial Associate (bank teller) with Citigroup. In or about December, 2003, Plaintiff became disabled under the terms of the Plan and submitted a claim to Defendant MetLife. Defendant MetLife subsequently paid Plaintiff short term disability benefits, but unreasonably, arbitrarily and capriciously denied her any long term disability benefits, even though she was entitled to them. Plaintiff has right greater than left shoulder impingement, arthropathy with lateral right epicondylitis of the elbow and cervical strain syndrome.

Plaintiff alleges upon information and belief that MetLife misrepresented the terms of the Policy as it does not require "a severity of symptoms" in order to qualify for long term disability benefits. Defendant MetLife did not have Plaintiff independently examined prior to this denial, and, therefore, had no specific, legitimate reasons for rejecting the treating physician's opinions that Plaintiff was disabled. Plaintiff alleges upon information and belief that Defendant MetLife did not have a doctor review the medical records prior to this denial of benefits. on or about May 5, 2005, Defendant

1  MetLife upheld its unreasonable, arbitrary and capricious denial of long term benefits
2  and advised Plaintiff that "The administrative remedies under the plan have been
3  exhausted, and no further appeals will be considered."
4  <u>Defendants allege</u>:
5  Plaintiff was an employee of a Citigroup subsidiary and a participant in the
6  CitiGroup Long Term Disability Benefits Plan (the "Plan"). Defendant Metropolitan Life
7  Insurance Company ("MetLife") is the funding source and the claim fiduciary for the
8  Plan.
9  Plaintiff ceased working on December 24, 2006 and submitted a claim for short
10  term disability benefits based on a shoulder injury suffered at her workplace. MetLife
11  approved her claim and benefits were paid from December 26, 2003 through May 21,
12  2004.
13  On May 25, 2004, Plaintiff submitted a claim for long term disability benefits. On
14  her Long Term Disability Claim Form Employee Statement she described her disability
15  as "Right shoulder pain." Plaintiff's treating physician had previously diagnosed her
16  condition as Repetitive Strain Injury.
17  After reviewing the medical documentation that Plaintiff had submitted in support
18  of her claim, MetLife denied it by letter dated June 2, 2004. The basis for the denial
19  was a finding that available medical information did not demonstrate symptoms of a
20  severity that would prevent Plaintiff from performing the duties of her own occupation of
21  Financial Associate (i.e., bank teller). MetLife's claim diary log indicates that this letter
22  was mailed to Plaintiff on June 8, 2004.
23  On March 24, 2005, Plaintiff appealed the denial of her claim. MetLife
24  conducted a full and fair review of Plaintiff's claim on appeal. As part of that review,
25  MetLife submitted Plaintiff's file to an independent physician consultant ("IPC") board
26  certified in Occupational and Environmental Medicine. The IPC opined that the medical
27  information in the file did not support any restrictions or limitations on Plaintiff's ability to
28  function as a bank teller beyond March 24, 2004. On May, 2005, MetLife upheld the

denial of benefits. This suit followed.

1. <u>The principal factual issues which the parties dispute:</u> The parties dispute whether the administrative record before MetLife at the time it adjudicated Plaintiff's claim reasonably supported MetLife's decision to deny the claim.

2. <u>The principal legal issues which the parties dispute:</u> Plaintiff contends that the principal legal issue in dispute is whether or not Defendants breached their contract with Plaintiff when they denied Plaintiff's claim for benefits under the subject Group Long Term Disability Plan.

Defendants assert that since Plaintiff's claims arise under an ERISA-governed welfare benefits plan, the pertinent legal issue is whether Plaintiff is entitled to benefits under the terms of the Plan. ERISA's civil enforcement provisions provide an exclusive remedy for violations related to employee welfare benefit plans, preempting common law causes of action for breach of contract. <u>Pilot Life Ins. Co. v. Dedeaux</u>, 481 U.S. 41 (1987); <u>Bast v. Prudential Ins. Co. of America</u>, 150 F.3d 1003 (9th Cir. 1998).

To the extent that a dispute arises as to the standard of review that the Court should use in adjudicating Plaintiff's claim, Defendants contend that the proper standard of review is an abuse of discretion standard, applying the analysis set forth in <u>Abatie v. Alta Health and Life Ins. Co.</u>, 458 F.3d 955 (9th Cir. 2006), including the position taken by <u>Abatie</u> that evidence outside the administrative record may not be considered in determining the merits of Plaintiff's claim.

3. <u>The other factual issues *[e.g. service of process, personal jurisdiction, subject matter jurisdiction or venue]* which remain unresolved for the reason stated below and how the parties propose to resolve those issues:</u> None at this time.

4. <u>The parties which have not been served and the reasons:</u> All parties have been served.

5. <u>The additional parties which the below-specified parties intend to join and the intended time frame for such joinder:</u> None.

## ALTERNATIVE DISPUTE RESOLUTION

6. <u>The following parties consent to assignment of this case to a United States Magistrate Judge for trial:</u> The parties do not consent to the assignment of this case to a United States Magistrate Judge for trial.

7. <u>The parties have already been assigned [or the parties have agreed] to the following ADR process *[e.g. Nonbinding Arbitration, Early Neutral Evaluation, Mediation, Early Settlement with a Magistrate Judge] [State the expected or scheduled date for the ADR session:*</u> The parties have agreed to participate in a private mediation.

<u>The ADR process to which the parties jointly request:</u> Private mediation.

## DISCLOSURES

8. <u>The parties certify that they have made the following disclosures *[list disclosures of persons, documents, damage computations and insurance agreements]*:</u> During the FRCP 26(f) Conference of the Parties, it was agreed that the parties would file this Joint Report with the court in accordance with FRCP 26(f) and provide to the other parties their respective Initial Disclosures as set forth in FRCP 26(a)(1).

Defendants assert that Rule 26(a)(1)(E)(i) of the Federal Rules of Civil Procedure explicitly exempts actions for review on an administrative record from initial disclosures. However, in order to avoid unnecessary delay and expense, and without waiving the applicability of Fed. R. Civ. P. 26(a)(1)(E)(i) to the instant case, which will be decided on the administrative record, Defendants have agreed to make initial disclosures.

## DISCOVERY

9. <u>The parties have discussed the following proposed discovery plan *[Describe the plan e.g., any limitations on the number, duration or subject matter for various kinds of discovery- discovery from experts; deadlines for completing discovery]*:</u>

<u>Plaintiff's Position:</u> Subject to receiving the administrative record in this matter from Defendants, Plaintiff anticipates taking the depositions of Defendant MetLife's employees and consultants, including the person most knowledgeable regarding the investigation and evaluation of Plaintiff's claim, the person most knowledgeable

1  regarding the denial of Plaintiff's claim, and the person most knowledgeable regarding
2  the review and/or evaluation of Plaintiff's sickness and/or injury. Plaintiff also intends to
3  propound Special Interrogatories, Requests for Admission, and Requests for Production
4  of Documents on the issue of conflict of interest.

5  Evidence that is relevant to showing that a conflict of interest "infected" MetLife's
6  decision making process has long made discovery clearly appropriate in ERISA cases
7  on conflict of interest where (as is the case here) the Plan grants discretion to the
8  administrator and review is for "abuse of discretion." Tremain v. Bell Industries, Inc.,
9  196 F.3d 970, 977 (9th Cir. 1999). Recently, the Ninth Circuit reaffirmed the
10 admissibility of documents outside the administrative record in an abuse of discretion
11 case on the issue of conflict of interest. Abatie v. Alta Health & Life Ins. Co., 458 F.3d
12 955 (9th Cir. 2006) (en banc). In Abatie, the Ninth Circuit fundamentally overhauled the
13 guidelines for review where the administrator has discretion, but operates under a
14 conflict of interest, and applied an "abuse of discretion review, tempered by skepticism
15 commensurate with the plan administrator's conflict of interest." Id. at 959.

16 Under Abatie, courts must "tailor the review," after weighing "all the facts and
17 circumstances," including the administrator's inherent conflict, that show whether it
18 abused its discretion. Id. at 968. Moreover, in determining whether the conflicted
19 fiduciary abused its discretion, the court may consider evidence outside the
20 administrative record: "The district court may, in its discretion, consider evidence
21 outside the administrative record to decide the nature, extent, and effect on the
22 decision-making process of any conflict of interest." Id. at 970. As the Ninth Circuit
23 explained:

24  A district court, when faced with all the facts and circumstances, must
    decide in each case how much or how little to credit the plan administrator's
25  reason for denying insurance coverage. An egregious conflict may weigh more
    heavily (that is, may cause the court to find an abuse of discretion more readily)
26  than a minor, technical conflict might. . . .
27  . . . The level of skepticism with which a court views a conflicted
    administrator's decision may be low if a structural conflict of interest is
28

1  unaccompanied, for example, by any evidence of malice, of self-dealing, or of a
2  parsimonious claims-granting history. A court may weigh a conflict more heavily
   if, for example, the administrator provides inconsistent reasons for denial, . . .
3  fails adequately to investigate a claim or ask the plaintiff for necessary evidence,
   . . . fails to credit a claimant's reliable evidence, . . . or has repeatedly denied
4  benefits to deserving participants by interpreting plan terms incorrectly or by
   making decisions against the weight of evidence in the record.
5
6  *Id.* at 968-69.

7  Defendants' Position:

8  The mere existence of a structural conflict of interest (where, as here, the claim
9  fiduciary is also the funding source for the Plan) does not in itself warrant broad
10 discovery of the sort Plaintiff proposes. If the administrative claims decision is
11 reasonable in light of the administrative record, courts have found no abuse of
12 discretion. Jordan v. Northrop Grumman Corp. Welfare Benefit Plan, 370 F.3d 869, 875
13 (9th Cir. 2004). Unless Plaintiff is able to show that the denial of her benefits is
14 unreasonable in light of the administrative record, depositions of MetLife's "employees
15 and consultants" would merely serve to drag out the litigation in defiance of ERISA's
16 goal of inexpensive and expeditious dispute resolution. Abatie v. Alta Health & Life Ins.
17 Co., 458 F.3d 955 (9th Cir. 2006) (*en banc*), which has defined this Circuit's law on the
18 issue is not to the contrary. Plaintiff's proposed discovery plan will only prolong this
19 litigation and add considerably to its cost. Unless Plaintiff can demonstrate that
20 MetLife's decision was unreasonable in light of the administrative record and that the
21 specific discovery she seeks is relevant to and would lead to the discovery of admissible
22 evidence of bias on MetLife's part, no discovery is warranted, particularly where such
23 discovery is expensive and burdensome.

24 **DISPOSITIVE MOTION SCHEDULE**

25  10.  The parties request dispositive motions be heard by January 30, 2008 in
26 the event that we should propose a briefing schedule.

27 **TRIAL SCHEDULE**

28  11.  <u>The parties request a trial date as follows:</u>  March 2008.

1  12. <u>The parties estimate the trial will last for the following number of days:</u> If
2  this matter is not resolved via a dispositive motion, the parties anticipate that a bench
3  trial will last no more than two hours.

4  **SIGNATURE AND CERTIFICATION BY PARTIES AND LEAD TRIAL COUNSEL**

5  Pursuant to Civil L.R. 16-12, each of the undersigned certifies that he or she has
6  read the brochure entitled "Dispute Resolution Procedures in the Northern District of
7  California," discussed the available dispute resolution options provided by the court and
8  private entities and has considered whether this case might benefit from any of the
9  available dispute resolution options.

10
11  DATED: August 30, 2007          SHERNOFF BIDART & DARRAS, LLP
12
13                                  /s/ Frank N. Darras
                                    FRANK N. DARRAS
14                                  Attorneys for Plaintiff, GUANG ZHAO

15  DATED August 30, 2007           SEDGWICK, DETERT, MORAN & ARNOLD LLP
16
17                                  /s/ Rebecca A. Hull
                                    REBECCA A. HULL
18                                  Attorneys for Defendants, Metropolitan Life Insurance
                                    Company and CitiGroup Long Term Disability
19                                  Benefits Plan
20
21
22
23
24
25
26
27
28

- 9 -

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court Orders: _____

_____

_____

Dated: _____, 2007

_____
MAGISTRATE JUDGE
MARIA ELENA-JAMES
UNITED STATES DISTRICT JUDGE

<u>Zhao v. Met Life</u>
Case No: C072867 MEJ

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

I am employed in the county of San Bernardino, State of California. I am over the age of 18 and not a party to the within action; my business address is: 3257 East Guasti Road, Suite 300, Ontario, California 91761.

On **August 30, 2007**, I served the foregoing document described as:

   JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

on all interested parties in this action by placing [ ] the original  [ x ] a true copy  thereof enclosed in sealed envelopes addressed as follows:

**Rebecca A. Hull, Esq.**
Michael N. Westheimer, Esq.
**SEDGWICK, DETERT, MORAN & ARNOLD LLP**
**One Market Plaza**
**Steuart Tower, 8th Floor**
**San Francisco, CA 94105**
**Phone: (415) 781-7900**
**Fax: (415) 781-2635**

**Attorneys for Defendants: METROPOLITAN LIFE INSURANCE COMPANY and CITIGROUP LTD PLAN**

[ x ] BY MAIL
   I caused such envelope to be deposited in the mail at Ontario, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date deposit for mailing in affidavit.

[ ] BY PERSONAL SERVICE
   I caused to be delivered by hand to the above-listed addressees or to the addressees on the list attached hereto. A proof of service executed by the delivery person will be mailed under separate cover.

[ ] BY OVERNIGHT MAIL/COURIER
   To expedite the delivery of the above-named document, said document was sent via overnight courier for next day delivery to the above-listed party.

[ ] BY FACSIMILE ("FAX")
   In addition to the manner of proof of service indicated above, a copy was sent by FAX to the above-listed party.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury under the laws of California that the above is true and correct.

Executed on **August 30, 2007**, at Ontario, California.

                                        Catherine Carvalho